**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**LONNIE YOUNG**                                                      **PETITIONER**

**v.**                                         **CIVIL ACTION NO. 2:14cv76-KS-MTP**

**MICHAEL WHITE**                                       **RESPONDENT**

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on the Petition of Lonnie Young for Writ of Habeas Corpus [1] pursuant to 28 U.S.C. § 2254, and Respondent's Motion to Dismiss [4] pursuant to 28 U.S.C. § 2244(d). Having carefully considered the submissions of the parties and the applicable law, the undersigned recommends that Respondent's Motion to Dismiss [4] be GRANTED and that the petition be dismissed with prejudice.

## PROCEDURAL HISTORY

On January 13, 2010, Petitioner was convicted of murder in the Circuit Court of Wayne County, Mississippi. Petitioner receivedoh we a life sentence, and is currently incarcerated at the Central Mississippi Correctional Facility ("CMCF").[1] Petitioner appealed his conviction and sentence to the Mississippi Supreme Court, and the appeal was assigned to the Mississippi Court of Appeals. The appeals court affirmed Petitioner's conviction in a published opinion on August 30, 2011. *Young v. State*, 99 So. 3d 189 (Miss. Ct. App. 2011), *reh'g denied* Dec. 6, 2011. On April 12, 2012, the Mississippi Supreme Court granted certiorari review.[2] The Mississippi Supreme Court affirmed Young's conviction and sentence on October 4, 2012. *Young v. State*, 99 So.3d 159 (Miss.

---

[1] *See* Petition [1] at 1.

[2] Exhibit C [4-3].

2012). According to United States Supreme Court electronic docket and the Petition [1] filed in this case, Young did not file a petition for writ of certiorari to the United States Supreme Court.

Petitioner filed an application for leave to file a motion for post conviction collateral relief with the Mississippi Supreme Court on September 6, 2013.[3] The Mississippi Supreme Court denied the application on October 16, 2013.[4]

Petitioner submitted his federal Petition for Writ of Habeas Corpus [1] on or about May 27, 2014.[5] Respondent contends in his Motion [4] that the instant petition was not timely filed and that it should be dismissed.

**DISCUSSION**

The Antiterrorism and Effective Death Penalty Act (AEDPA) specifies that a petitioner seeking federal habeas relief must file his federal petition within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); *Egerton v. Cockrell,* 334 F.3d 433, 435 (5th Cir. 2003). A state judgment becomes final "upon denial of certiorari by the Supreme Court or expiration of the period for seeking certiorari." *Ott v. Johnson,* 192 F.3d 510, 513 (5th Cir. 1999). The expiration of the time for review thus includes "the ninety days allowed for a petition to the Supreme Court following the entry of judgment by the state court of last resort." *Roberts v. Cockrell,* 319 F.3d 690, 694 (5th Cir. 2003). Section 2244(d) also provides, "[t]he time during which

---

[3]Exhibit E [4-5].

[4]Exhibit F [4-6].

[5]Under the mailbox rule, a prisoner's federal habeas petition is deemed filed when he delivers the petition to prison officials for mailing to the district court. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999). Young signed his petition on May 27, 2014, Petition [1], and the Court received it on June 2, 2014. Thus, Young filed his Petition between May 27 and June 2.

a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). This period of time when a petition is pending in state court is known as statutory tolling.

As stated above, the Mississippi Supreme Court affirmed Young's conviction on October 4, 2012. *Young,* 99 So.3d 159. Accordingly, Young's judgment became final – and the statute of limitations for federal habeas relief began to run – on January 2, 2013, ninety (90) days after the final decision in state court. Thus, the AEDPA deadline for Young to file his federal petition was January 2, 2014. However, Young is entitled to statutory tolling for the period of time his petition was pending in Mississippi state court. Young timely filed his application for leave to file a motion for post conviction relief on September 6, 2013,[6] and the Mississippi Supreme Court denied the application on October 16, 2013.[7] Thus, Young is entitled to statutory tolling for a total of forty (40) days,[8] and his federal habeas petition was due in this Court on or before February 11, 2014.[9]

Young filed his habeas petition on or about May 27, 2014. Accordingly, Young's petition is 105 days past the February 11, 2014 deadline for filing his federal habeas petition unless he is entitled to equitable tolling. Generally, equitable tolling is appropriate only in "rare and exceptional circumstances." *Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998). Equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is

---

[6] Exhibit E [4-5].

[7] Exhibit F [4-6].

[8] September 6 to October 16.

[9] January 2, 2014 plus forty days for statutory tolling.

3

prevented in some extraordinary way from asserting his rights." *Ott v. Johnson,* 192 F.3d 510, 513 (5th Cir. 1999).Young has alleged no "rare and exceptional circumstances" to justify equitable tolling.

Petitioner argues in his Rebuttal [5] that his state petition is timely under Miss. Code Ann. § 99-39-5. Petitioner correctly notes that a motion for post-conviction relief under this statute "shall be made within three (3) years after the time in which the petitioner's direct appeal is ruled upon by the Supreme Court of Mississippi . . . [,]" and that his state petition was timely under this statute. Miss. Code Ann. § 99-39-5(2). However, at issue is not the timeliness of a state petition, but the timeliness of his federal petition. The one-year limitation period set forth in section 2244(d) for filing his federal petition began to run on January 2, 2013 and expired on February 11, 2014, with credit given to the Petitioner for the time his state petition was pending. Petitioner's argument is without merit.

## CONCLUSION

Petitioner's state court conviction became final on January 2, 2013. Based upon the one-year limitation period found in 28 U.S.C. § 2244(d)(1)(A) and the forty (40) days of statutory tolling, he had until February 11, 2014, at the latest, to file a federal petition for a writ of habeas corpus. Based on this Court's conclusion that Petitioner has failed to meet his burden of proving that statutory or equitable tolling is appropriate, and because he did not file his federal petition until May 27, 2014, he cannot avoid the statutory bar of Section 2244(d).

## RECOMMENDATION

For the reasons stated above, the undersigned recommends that the Respondents' Motion to Dismiss [4] be GRANTED and that Petitioner's Petition for Writ of Habeas Corpus [1] be dismissed

with prejudice.

**NOTICE OF RIGHT TO OBJECT**

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS, the 23rd day of October, 2014.

s/ Michael T. Parker
United States Magistrate Judge