**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**LONNIE YOUNG, A/K/A
XMOE DRAGON**

**VS.**                                                                         **CIVIL ACTION NO. 2:14cv76-KS-MTP**

**MICHAEL WHITE**

**ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION
AND DISMISSING CASE WITH PREJUDICE, ETC.**

This cause is before the Court on Petition of Lonnie Young for *Writ of Habeas Corpus* [1], filed pursuant to 28 U.S.C. § 2254 and Respondent's Motion to Dismiss [4] filed pursuant to 28 U.S.C. § 2244(d).  The Court has considered the above documents, as well as the record and applicable law herein and the Report and Recommendation of Magistrate Judge Michael T. Parker [9], and considering all of the above, finds that the Respondent's Motion to Dismiss [4] should be **dismissed with prejudice**.

**I.  PROCEDURAL HISTORY**

On January 13, 2010, Petitioner was convicted of murder in the Circuit Court of Wayne County, Mississippi. Petitioner received a life sentence, and is currently incarcerated at the Central Mississippi Correctional Facility ("CMCF").[1] Petitioner appealed his conviction and sentence to the Mississippi Supreme Court, and the appeal was assigned to the Mississippi Court of Appeals. The appeals court affirmed Petitioner's conviction in a published opinion on August 30, 2011. *Young v. State*, 99 So. 3d 189 (Miss. Ct. App. 2011), *reh'g denied* Dec. 6, 2011.  On

---

[1] *See* Petition [1] at 1.

April 12, 2012, the Mississippi Supreme Court granted certiorari review.[2] The Mississippi Supreme Court affirmed Young's conviction and sentence on October 4, 2012. *Young v. State*, 99 So.3d 159 (Miss. 2012). According to United States Supreme Court electronic docket and the Petition [1] filed in this case, Young did not file a petition for writ of certiorari to the United States Supreme Court.

Petitioner filed an application for leave to file a motion for post conviction collateral relief with the Mississippi Supreme Court on September 6, 2013.[3] The Mississippi Supreme Court denied the application on October 16, 2013.[4]

Petitioner submitted his federal Petition for Writ of Habeas Corpus [1] on or about May 27, 2014.[5] Respondent contends in his Motion [4] that the instant petition was not timely filed and that it should be dismissed.

## II. STANDARD OF REVIEW

When a party objects to a Report and Recommendation this Court is required to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).  See also *Longmire v. Gust*, 921 F.2d 620, 623 (5th Cir. 1991) (Party is "entitled to a *de novo* review by an Article III Judge as to those issues to which an objection is made.") Such review means that this Court will examine the entire record and will make an independent assessment of the law. The Court is not

---

[2]Exhibit C [4-3].

[3]Exhibit E [4-5].

[4]Exhibit F [4-6].

[5]Under the mailbox rule, a prisoner's federal habeas petition is deemed filed when he delivers the petition to prison officials for mailing to the district court. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999). Young signed his petition on May 27, 2014, Petition [1], and the Court received it on June 2, 2014. Thus, Young filed his Petition between May 27 and June 2.

required, however, to reiterate the findings and conclusions of the Magistrate Judge. *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993) nor need it consider objections that are frivolous, conclusive or general in nature. *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1997). No factual objection is raised when a petitioner merely reurges arguments contained in the original petition. *Edmond v. Collins*, 8 F.3d 290, 293 (5th Cir. 1993).

### III.  PETITIONER'S OBJECTIONS AND ANALYSIS

The main objection filed by Petitioner is that 28 U.S.C. § 2244(d) does not say what it says. His argument is that the one year statute of limitations starts to run following the expiration of the time that Petitioner has to file a post conviction petition. In Mississippi there is a three year limitation on filing a post conviction relief petition. Under Petitioner's interpretation, Petitioner could wait two years and 364 days from the date that the case becomes final in the state courts and then file a *habeas* petition. This is simply not the law.

Judge Parker's calculations of the time are correct and Petitioner's 2254 motion is out of time and should be **dismissed.**

### IV.  CONCLUSION

As required by 28 U.S.C. § 636(b)(1) this Court has conducted an independent review of the entire record and a *de novo* review of the matters raised by the objections. For the reasons set forth above, this Court concludes that Petitioner's objections lack merit and should be overruled. The Court further concludes that the Report and Recommendation is an accurate statement of the facts and the correct analysis of the law in all regards. Therefore, the Court accepts, approves and adopts the Magistrate Judges's factual findings and legal conclusions contained in the Report and Recommendation. Accordingly, it is ordered that the United States Magistrate Judge Michael T. Parker's Report and Recommendation is accepted pursuant to 28

U.S.C. § 636(b)(1) and that Lonnie Young's claim is **dismissed with prejudice**. All other pending motions are denied as moot.

    SO ORDERED this, the 5th  day of December, 2014.

                                *s/Keith Starrett*
                                UNITED STATES DISTRICT JUDGE